**UNITED STATES of America,**
**Appellee,**

v.

**Thomas GORDON, Defendant–**
**Appellant.**

No. 04–3172.

United States Court of Appeals,
Second Circuit.

March 4, 2005.

Stephan J. Baczynski, Assistant United States Attorney for the Western District of New York (Michael A. Battle, United States Attorney, on the brief), Buffalo, NY, for Appellee.

Terry Granger, Buffalo, NY, for Defendant–Appellant.

Present: NEWMAN, SACK, and SOTOMAYOR, Circuit Judges.

Defendant-appellant Thomas Gordon appeals from a judgment of sentence entered May 25, 2004, in the Western District of New York (Skretny, J.). On October 21, 2003, appellant pled guilty to a single count of violating 21 U.S.C. § 860(a). On

May 12, 2004, the district court sentenced Gordon principally to a term of 57 months' incarceration and a six-year period of supervised release. We assume the parties' familiarity with the facts and procedural background of this case.

■ Defendant argues that when the district court calculated his criminal history category under U.S.S.G. § 4A1.2(c)(1), it should have excluded his prior New York state conviction for harassment in the second degree, because his prior offense was similar to the excluded offenses enumerated in § 4A1.2(c)(1).[1] We agree with the district court that the violent character of the conduct underlying Gordon's harassment conviction is far more serious than that of the enumerated excluded offenses, and that his conviction is therefore not similar to those offenses. *Cf. Morales*, 239 F.3d at 118–20 (excluding prior harassment conviction where review of underlying facts demonstrated he was not original aggressor in single underlying incident).

■ While defendant argues that the pertinent facts set forth in the revised PSR lack reliability because they were merely a recitation of the harassment complainant's untested allegations, the district court did not err in relying on that portion of the revised PSR. The probation officer informed the court that the facts underlying Gordon's prior conviction were drawn from the Buffalo City Court records, including the order of protection that the complainant lodged against Gordon and a sworn affidavit by a police officer. A sentencing court may rely on "hearsay evidence, evidence of uncharged crimes, dropped counts of an indictment and criminal activity resulting in acquittal." *United*

---

1.  Because Gordon's prior offense is not similar to those listed in § 4A1.2(c)(1), we do not reach his second contention that the district court should not have equated his one-year sentence of conditional discharge to a term of probation for the purposes of § 4A1.2(c)(1)(A).

14

*States v. Reese,* 33 F.3d 166, 174 (2d Cir. 1994). The district judge was within his discretion not to hold an evidentiary hearing on the underlying facts of the harassment charge, because the defendant did not create a material issue in dispute requiring a hearing where he (1) pled guilty to the harassment charge, and (2) in objecting to this portion of the revised PSR during the sentencing proceeding, did not provide an alternate version of the specific events detailed in the revised PSR. *Cf. United States v. Romano,* 825 F.2d 725, 728–29 (2d Cir.1987) (suggesting that short of a full evidentiary hearing at the judge's discretion, "a defendant may challenge pre-sentence information, [*inter alia,*] by offering written submissions [or by] directing argument to the court").

At oral argument, appellant requested a remand in light of this Court's decision in *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005), to which the government consented. Accordingly, this case is remanded to the district court for further proceedings in conformity with *Crosby.* Any appeal taken from the district court following this remand can be initiated only by filing a new notice of appeal. *See* Fed. R.App. P. 3, 4(b).

For the foregoing reasons, the district court's judgment is AFFIRMED IN PART and REMANDED IN PART.